ALBANY,
Jan. 1815.

SANDFORD
v.
ROOSA,

Judgment reversed.

---

## SANDFORD against ROOSA.

A. has four judgments against C., and B. has one judgment against C.; two of A.'s judgments are older, and two younger than that of B.; A. issues executions on all his judgments, under which the lands of C. are seized and advertised for sale, and B. then issues an execution on his judgment; the land is sold under the executions of A., and purchased by B., and it is expressly stated in the sheriff's deed, that the land was sold under A.'s executions. The sheriff paid part of the purchase-money to A. on account of his executions, and retained the residue to satisfy B's execution; in an action by A. against the sheriff, to recover the residue, it was held, that the defendant was precluded, by his deed, from denying that the sale had been made under the plaintiff's executions; and that the plaintiff was, under the circumstances of the case, entitled to recover the balance of the purchase money.

But, it seems, that a sale, even of land, on an execution issued on a junior judgment, would be valid, and the sheriff thereby renders himself liable to the party whose execution is postponed.

So, a sale of chattels on a junior execution is valid, and the only remedy of the party whose execution was first delivered, is by an action against the sheriff.

THIS was an action of *assumpsit*, brought against the deputy sheriff of the county of *Sullivan*, to recover certain money which had been levied by him under an execution issued by the plaintiff against one *Burr*.

The cause was tried at the *Sullivan* circuit, in *September*, 1814, before Mr. Justice YATES, and a verdict found for the plaintiff, subject to the opinion of the court on the following case:

The plaintiff had recovered four judgments against *Burr*; two in the court of common pleas of *Sullivan* county, one for 318 dollars and 65 cents, and the other for 99 dollars and 24 cents, which were both docketed on the 9th of *August*, 1813; and two in this court, one for 333 dollars and 87 cents, docketed on the 2d of *September*, 1813, and the other for 491 dollars and 15 cents, docketed on the 6th of *September*, 1813: and one *Couch* had also obtained a judgment against *Burr*, in this court, for 424 dollars, debt, and nine dollars damages, which was docketed on the 27th of *August*, 1813.

Writs of *fieri facias*, in favour of the plaintiff, on the above judgments, were delivered to the under sheriff on the 12th of *November*, 1813, who, thereupon, advertised a farm of *Burr* to be sold on the 6th of *January*, 1814, by virtue of sundry executions. On the same 6th of *January*, and before the sale, a *fi. fa.* issued on *Couch's* judgment, and was delivered to the

under sheriff. The land was sold for 1,275 dollars, and purchased by Couch, and a deed for the same was executed by the under sheriff in the name of the defendant, in which all the plaintiff's executions were recited, and stating that the land had been sold under them, but taking no notice of Couch's execution. The amount of the sale was received by the defendant, who paid to the plaintiff's attorney the amount of the three oldest executions in full, and 217 dollars and 63 cents on the fourth; and retained in his hands the balance of the purchase money, being (beside his fees) 245 dollars and 77 cents, on account of Couch's execution, which he refused to pay to the plaintiff, but paid it to Couch.

Couch was present at the sale, and insisted that the under sheriff should sell by virtue of his execution as well as the others; but the under sheriff said, that as he had seized and advertised the land under the plaintiff's executions, he could sell only under them, and declared that he should and did sell by virtue of them only; and mentioned to the people present, before, and at the time of the sale, that he had received an execution from Couch on a judgment older than two of the plaintiff's judgments, and younger than the other two, and that he conceived that Couch's judgment would be a lien or encumbrance on the land after the sale.

P. Ruggles, and J. Duer, for the plaintiffs.

Sudam, contra.

SPENCER, J. delivered the opinion of the court. The deed executed by the defendant's deputy, and which is as binding upon him as if executed by himself, conclusively shows, that the sale was made under the plaintiff's executions, and not under Couch's execution. The deed, then, is an admission of the most solemn nature, that the defendant raised the money on the sale of the debtor's land, upon the plaintiff's executions, and he is concluded from controverting that point.

If A. and B. have two several judgments against C., and they take out writs of fi. fa., which are both delivered the same day, and the sheriff executes that which was last delivered, by making sale of the debtor's goods, such sale shall stand good; and the only remedy the one whose execution was first deliver-

ed has, is by action against the sheriff.· This was so held in ·
the case of *Smallcomb* v. *Cross & Buckingham*, (*Carth.* 419, 420.
1 *Salk.* 320. and 1 Lord *Raym.* 251.) and this, too, since the
statute of 29 *Car.* II. c. 3. p. 16., which enacted, that no
writ of *fi. fa.* should bind the property of goods, but from the
time of the delivery thereof to the sheriff. That statute was
passed to obviate the injustice, as respected *bona fide* purcha-
sers, of executions binding the property from the *teste* day of
the writs, and it has always, since, been held, that the goods
were bound from the delivery of the execution to the sheriff.
The case cited, therefore, applies; for if the sheriff, as regards
goods, can make a valid sale on a junior execution, notwith-
standing the precedency of the senior execution, so he can sell
lands which are bound from the docketing of the judgment, upon
an execution issued on a junior judgment, and render himself
liable to the party whose execution is postponed. It is not,
however, necessary, in this case, to go so far. The judgment
creditor who had two judgments older than two of the plaintiffs,
purchased under all the plaintiff's executions. He agreed to
give for the property 1,275 dollars, to be applied to the plain-
tiff's executions. This is evident, not only from the deed
itself, but · from the parol proof. The sale did not, in fact,
proceed at all on *Couch's* execution. To permit the sheriff to
apply part of the money bid, to satisfy *Couch's* execution, would
render the situation of the judgment creditors extremely une-
qual; for, whilst the plaintiff reposed himself on the fact, that
the property was selling exclusively on his executions, and
would, therefore, have no peculiar inducement to bid beyond
the amount of his own executions, *Couch* may have, probably,
purchased the only property from which the plaintiff could
expect to have his judgments satisfied, and *Couch* may have not
only all *Burr's* property at an under value, but his execution
paid out of the moneys, really, and in fact, bid on the plaintiff's
executions. . .

In any point of view in which the case can be placed, I am
satisfied that the plaintiff ought to have judgment.

                   Judgment for the plaintiff.