Ruffin, Judge.
 

 His Honor, after stating the case as above, proceeded : If the Sheriff ought to distribute money between two Plaintiffs, or ought to apply it to one writ, and misapplies it, the person injured has his redress by action. The Court is under no obligation to ■ superintend, by this summary method, his administration. They never refuse to advise an officer who is in difficulty, and asks their advice upon facts stated by himself. And where the right of a party is clear, as against an officer, the Court will proceed by rule and attachment against its Officer, so as to prevent the defeat or delay of justice. But where a Sheriff does not apply to the Court, but of his own head does actually apply to one execution the money, which of right belonged to another, the Court will not disturb the creditor who receives the money, by laying him under a rule. The Court can assume no such jurisdiction
 
 ;
 
 for there is no distinction between such a controversy, and any other that might arise
 
 in pais.
 
 The only remedy is against the Sheriff, and not against the party.
 
 (Sandford
 
 v.
 
 Roosa
 
 12
 
 John.
 
 162.
 
 Yarborough
 
 v.
 
 State
 
 Bank,
 
 Ante
 
 1
 
 vol. p.
 
 25.) We cannot take the money back, after the Sheriff has paid it to the party. And an application of it to a particular execution and payment of it into Court on that execution is payment to the party, because it satisfies and discharges his judgment. Here, such are the facts..
 
 *346
 
 for aliItoua,'!» the Sheriff does not say, that he pays the nl0,,(T
 
 on
 
 the execution of the Bank, yet be returns it with that execution, and he had no other in his hands at ^|me> That money, therefore, is beyond the control of the Court, even if the Plaintiffs had just cause of complaint against the Sheriff.
 

 But they have not. The Sheriff acted in entire accordance with his duty. The Plaintiffs are not entitled to any thing; for their proceedings are entirely irregular and void.
 
 Washington
 
 &
 
 Thomson’s
 
 attachment was returnable before a Justice of the Peace,
 
 or
 
 the County Court, without a return day mentioned in it. It is original process, without any certain day, place, or Court, ' to which it is to be returned. In
 
 Parsons
 
 v.
 
 Lloyd,
 
 (3
 
 Wils.
 
 341,) it was held, that a writ of
 
 capias ad respon-dendum,
 
 tested in Trinity term, and returnable in Hilary term, omitting the intervening Michaelmas term ,* was void ; and the Court set „it aside for irregularity, and the Defendant, who had been arrested under if, maintained trespass
 
 vi et armis
 
 for the imprisonment, against the Plaintiff in it. Surely this attachment is much more vicious. It is to he recollected, that none of the defects of the process are cured by the Defendant’s appearance. It is an absolute nullity, and afforded no justification to any body concerned in it.
 

 But there is another objection applicable to this attachment, in common with tlie other, which also vitiates it. They were directed to a Constable, and executed by him. The Sheriff is the proper officer to execute ail writs returnable to Court, unless another be appointed by special order. He is the person entrusted by the law with authority to arrest persons, let to bail, seize property and replevy it. To him the writ of
 
 vend. expo.
 
 issued to sell the estates levied on. How is he to get at them in the hands of another person. lie cannot return, to that writ, fhat the property is not. to he found, because it. is supposed to' be in his hands. But when the first seizure is made by another, he cannot have it, but
 
 *347
 
 that other. By the lawful seizure, the property it) tels is vested in the officer. How is it to be divested out „ , _ , ... or the first, and vested m the second ? It is said, that an attachment is a proceeding
 
 in rem,
 
 and that the property is in the custody of the Court, and they may order any one to sell. That is a fallacy I think. The property is in the custody of the law, and not of the Court. It is vested in the officer by the law, and he, and not the Court is to bring
 
 trover
 
 for it. The execution upon proceedings sud) as these, must therefore be inefficient, which proves their irregularity and invalidity. I do not say, that every slip in pleading, or defect of form, will ever abate an attachment, much less render the judgment' on it void, The appearance of the Defendant will cure many defects. Bat
 
 due service
 
 of the attachment is indispensable j for by that only is the Defendant brought into Court. It has been argued, that it is immaterial how, or by whom, the process is executed ; for the advertisement gives the notice to the Defendant, and that is the real service. To that I answer, first, that advertisement is only required, where the debtor is out of the State | .secondly, that the law requires both a seizure of property and advertisement. If not, why not advertise at once, as the leading process. Every man is expected to look after his property, and therefore if it be attached, that he will appear to claim and get it again. That is the principal ingredient in the service of this process. If the Defendant be a non-resident, the statute superadds notice in a newspaper, that, he may have certain and speedy information, at whose suit his estate is taken, and where and when lie may release it. If either the notice be omitted, or the seizure be void, the proceedings are irregular, and'not merely erroneous $ and the Court will set them aside at any stage of the business, or at any time after judgment. The defect is in the service of the process, which causes the Defendant not to be in Court. It is in the nature of things, that he should not be bound
 
 *348
 
 {,y proceedings, to which he is not a party. If a writ is served on
 
 John,
 
 by the name of
 
 James,
 
 it is not cured by •
 
 , , %
 
 . . - 7 , declaring against the party by his true name
 
 John
 
 ; ami ^¡ie Qourt will set the whole aside, ■“ because it is the same thing as no service.” (Doe v.
 
 Butcher,
 
 3
 
 Term Rep.
 
 611.
 
 Greenslade
 
 v.
 
 Rotheroe,
 
 2
 
 New Rep.
 
 132.) A Defendant never pleads that the writ is not served ; he is not put to that. If the party had appeared, then it would be different. This answers the remark, that if the Court accepts the return and acts on it, the judgment is good until reversed. The Court looks into no such things, until they are brought regularly to its notice. The Plaintiff must proceed regularly at his peril to get the Defendant before the Court; when there, each party takes care of himself, and if the Defendant appears to the process, he accepts it, but not the Court.
 

 But if it were otherwise, and the judgment must stand until set aside, it cannot operate by relation to the illegal seizure, so as to affect third persons. In any event therefore, the Plaintiffs have no claim on the Sheriff. But I have a very strong opinion, that every step taken by the Plaintiffs was wrong, and their judgments absolutely void, because there was no cause against
 
 Feargain
 
 in Court. The judgment therefore
 
 of the
 
 Superior Court must be reversed, and those of the County Court affirmed, with costs in all the Courts.
 

 Per Curiam. — :Let the judgment , of the Superior Court be reversed, and the rules be discharged.