## John Rogers *versus* Benjamin Edmunds.

A sheriff, having several executions, in favor of several creditors, against the same debtor, in his hands, and having sold goods, or chattels, or rights in equity to redeem lands mortgaged, by virtue of any one of the executions, is in general bound to apply the proceeds of the sale, in satisfaction of the execution which was first in his hands.

This was an action upon the case. The plaintiff alleged, in his declaration, that, having obtained an execution against William McDearmid, he, on the 23d February, 1830, delivered the same to the defendant, a deputy sheriff, and on the 6th April, 1830, directed the defendant to levy the same on the right which the said McDearmid had to redeem certain lands in Thornton and Peeling ; in pursuance of which direction the defendant levied the said execution on said right in equity, and advertized and sold the said right for $403. Yet the de-

fendant has not appropriated the proceeds of the said sale to the payment of said execution, but has falsely returned that he sold the right on another execution.

The cause was tried here at November term, 1831, upon the general issue, and a verdict taken, by consent, for the plaintiff, subject to the opinion of the court upon the following case.

At the February term of the court of common pleas, in this county, 1830, the plaintiff recovered judgment against W. McDearmid, for $194,90 damage, and $12,07 costs, and on the 11th February, 1830, sued out execution on the same judgment. At the same term of the common pleas, William Horner recovered judgment against the same McDearmid, for $364, damage, $10,82 costs, and sued out execution.

Certain lands of McDearmid, in Thornton and Peeling, in this county, had been attached by virtue of the original writs in said suits, but the attachment of the plaintiff was made, subject to that of Horner.

Both the said executions were delivered to the defendant, a deputy of the sheriff of this county, to be extended upon the said lands ; and on the 19th February, 1830, he, by virtue of the execution of Horner, attached the same lands.

On the 4th March, 1830, it was discovered that the said lands were under mortgage, and that the proper mode of proceeding would be to sell the equity of redemption, and not to make extents ; and the plaintiff directed the defendant so to proceed with his execution without delay. Immediately after this, the defendant advertised the equity of redemption for sale on the 6th April, 1830.

On the day of sale, thus appointed, the plaintiff, having discovered that the equity of redemption had not been legally advertised for sale at that time, by the defendant, and having enquired of the defendant if it had been attached by virtue of any other process in his

hands, or if any thing had been said to him about attaching it, and having received an answer in the negative, directed the defendant to advertise the said equity of redemption for sale on the 6th May, 1830. Which was accordingly done.

On the 6th May, 1830, the equity of redemption was sold to the said Horner, for $403 ; which the defendant applied to the payment of H's execution, and made a return thereon, as follows. :—

" *Grafton, February* 19, 1830.

Then I levied this execution upon the lands of W. McDearmid, described, &c—on the 6th April, 1830, I advertised the right in equity in the above described lands for sale, &c. on the 6th May ; pursuant to said advertisement I sold the said right in equity, at public vendue, to the within named William Horner, he being the highest bidder, for the sum of $403 ; from which sum deduct the amount of this execution, and the fees and charges of selling, &c. being $20,60, leaves no overplus, I therefore return this execution satisfied in full.

B. EDMUNDS, D. S."

On the 4th March, 1830, when it was discovered that the land was under mortgage, the plaintiff, the defendant and Horner were on the land together, and Horner then said, while they were speaking of the proper mode to proceed, that he would not levy on the equity of redemption until further advised, and wished a postponement until he could see counsel.

*Rogers* and *Bell*, for the plaintiff.

*Webster* and *Bartlett*, for the defendant.

The opinion of the court was delivered by RICHARDSON, C. J.

This is a very plain case. As the right in equity, to redeem the land, was not duly advertised for sale upon either execution, within thirty days after judgment, both the attachments, by virtue of the original writs, may be considered, under the statute of July 3, 1822, making

provision for the sale on execution of such rights, as dissolved.

In order to maintain this action, then, the plaintiff must show, either that his execution was first in the hands of the defendant, which would, under the circumstances, entitle him to the proceeds of the sale of the equity of redemption, or that Horner abandoned all the right he had acquired by having his execution first in the hands of the defendant.

But it is not pretended that the plaintiff's execution was first in the hands of the officer. It is conceded, in the argument, to have been otherwise. Horner then became entitled to the proceeds of the sale, unless he, in some way, had relinquished his right.

The only question is, then, did Horner relinquish his right?

We see nothing, in the case, that shows such a relinquishment on the part of Horner. The only thing, from which such a relinquishment is attempted to be argued, is, that he said, on one occasion, that he would not levy upon the equity of redemption till he could see counsel and be further advised. But this does not show an intention to abandon his right. It shows clearly he intended to proceed advisedly, and in such a manner as to secure his right.

It, therefore, seems to us that the defendant was bound to apply the proceeds of the sale of the equity of redemption in the manner he has done.

It was wholly immaterial upon whose execution the sale was made. He, whose execution was first in the hands of the officer, was entitled to the proceeds of the sale. 5 Cowen, 390 ; 4 ditto, 411 ; 12 Johns. 162 ; 18 ditto, 363 ; 17 ditto, 116 ; 13 ditto, 255 ; 8 ditto, 20. 1 Pick. 521 ; 2 ditto, 586 ; 7 ditto, 550 ; 11 Johns. 110 ; 1 D. & R. 307 ; 7 Taunton, 56 ; 2 Car. & Payne, 356 ; 1 D. & E. 729.

*Verdict set aside and a new trial granted.*