## HANAUER & Co. v. CASEY, *Admr.*

ATTACHMENT—*Priority.*—A sale of lands under a junior attachment does not release the lien of a prior attachment, and the money arising from such sale is not to be applied in payment of the prior attachment.

If lands be sold at the same time under both executions, and the levy of the prior attachment thereby discharged, then the money arising therefrom, or so much thereof, should be applied in payment of the judgment under the prior attachment.

EXECUTION SALES—*Proceeds, how applied.*—Personal property is bound from the time the execution came into the hands of the sheriff, and where there are several executions, coming to hand at different times, and a sale under the last, the proceeds should be applied in satisfaction of the others in their order.

*Appeal from Randolph Circuit Court.*

HON. ELISHA BAXTER, Circuit Judge.

*Byers & Cox,* for appellants.

We submit: In the *first* place, according to the rule laid down by the Supreme Court of this State, in the case of *Trapnall et al v. Jordan et al, 7 Ark., 430,* the court had no jurisdiction of the subject matter of Casey's petition, and we suppose the circuit court should be bound by the same. See *sec. 7, ch. 96 Gould's Dig., p. 63–4.*

In the second place, the sheriff was not made a party, was not served with a notice, and the order, as to him, would be *coram non judice,* and void. *State Bank v. Noland, 13 Ark., 299; Newton v. State Bank, 14 Ark., 13; same v. same, 22 Ark., 27; Adamson v. Cummins, 10 Ark. 541.*

In the third place, the decision is directly in the face of the clear and palpably plain language of the statute, and in effect nullifies the statute, (see *sec. 6, chap. 96, Gould's Dig., p. 634*), and we submit should be reversed.

*Watkins & Rose,* for appellee.

This case is governed by section 52, chap. 17 Gould's Digest, by which the proceeds of the sale go to the extinguishment of the oldest lien, no matter how the property may be sold; and this seems to be the universal rule where there is no statutory provision to the contrary. *State v. Salyers, 19 Ind., 432; Straley's appeal, 43 Penn. S. R., 89; Thompson v. Cardel. 27 Ga., 273; 1 Tenn. R , 729; Russell v. Gibbs, 5 Carr., 390; Rowe v. Richardson. 5 Barb., 385; Lynch v. Hanahan, 9 Rich., (Law. S. C.) 186; Gilmer v. Warren, 17 Ga., 426; 1 Paige Chy., 181, 558; Neill v. Lancks, 6 Barb., 470; Bagley v. Reeves, 20 Ala., 427; Brown v. Hamlin 23 Miss., 392; Peck v. Tiffany, 2 Comst., 451; Steele v Hanna, 8 Blackf., 326; Newton v. Nunnelly, 4 Ga., 356.*

The question as to the sheriff being made a party, cannot arise here, as he is not making any contest. *Ringgold v. Stone, 20 Ark., 526;* and, being an officer of the court, he is presumed to have notice. *Brant's appeal, 20 Tenn., 8 (Harris) 364.*

23

" Where the parties, interested in the distribution of money in the sheriff's hands, appear, and state an agreed case, the court may determine the right, although the sheriff has not made the application." *Turner v. Lawrence*, 11 Ala., 426. The court will not disturb the verdict below for any error which could not injure the appellants. *Clark v. Barnett*, 24 Ark., 30; *Blackwell v. Patlan*, 7 Cranch., 471; *Campbell v. Pratt*, 2 Pet., 354; *Greenleaf v. Brith*, 5 Ill., 132; *Boardman v. Reed*, 6 Id., 328; *Phillips v. Preston*, 5 How., 278; *McMicken v. Webb*, 6 Id., 292; *Randon v. Toby*, 11 Id., 493; *Thomas v. Lawson*, 21 Id., 343; *Chandler v. Van Roeder*, 24 Id., 225; *Thompson v. Roberts*, Id., 233.

HARRISON, J.

James M Casey, as administrator of Andrew J. White, deceased, brought suit, by attachment, in the Randolph circuit court, against Hiram A. Kelsey. The writ was, on the 19th day of March, 1869, levied on certain lands, and judgment for his debt was recovered on the 9th of May, 1868. On the 20th day of March, 1867, the same lands were again attached, at the suit of Louis Hanauer and Jacob Hanauer, before a justice of the peace, and judgment was recovered by them. Executions on both judgments were delivered to the sheriff at the same time, and the lands were sold by him under each, on the first day of the March term, 1869. They were offered first under Louis and Jacob Hanauer's execution, and purchased for seventy-five dollars, by John P. Brimmage, jr., and then under Casey's, and purchased for eight dollars, by Ewing Y. Mitchell.

Casey, upon the return of the executions, moved that the sheriff be ordered to pay the money arising from the sale, under Louis and Jacob Hanauer's execution, to him, upon the ground that his attachment was prior to theirs. Louis and Jacob Hanauer appeared and resisted the motion, but the same was sustained by the court, and the money was ordered to be paid to Casey, and they appealed from the decision.

The provision of section 52, chapter 17, Digest, that where there are more attachments than one upon the same property, they shall be paid according to the priority of their levies, was intended to secure the liens of the prior against the junior attachments, and it is very clear that it does not mean that where there shall be a sale of the property under a junior attachment, which does not have the effect to discharge the prior liens, the money arising from it shall be applied to the payment of the prior attachments.    It is true, where several executions come to the hands of the sheriff, at different times, and he sells personal property under the last, the others are to be first paid; but this is because the property levied on is bound, by the executions, from the time of the delivery of them to him; and upon a sale thereof, he must, to be entitled to receive the price, deliver the same to the purchaser, which, as a matter of course, releases the liens, and an absolute title passes to the purchaser.  *Russell v. Gibbs, 5 Cow, 390; Peck v. Tiffany, 2 Comst., 451.*

A different rule, however, prevails as to the application of the proceeds of a sale of real estate.

*Section 6, chap. 96, Digest,* says: "A sale of lands under a junior judgment shall pass the titles of the defendant, subject to the lien of all prior judgments and decrees then in force;" and *section 7,* that "the money arising from such sale shall be applied to the payment of the judgment under which it may have been made."  The reason of this provision of the statute is too apparent to require any remark, and the rule established by it is equally applicable to sales of real estate in attachment proceedings.

Had the lands been sold at the same time, under both executions, and the levy of Casey's attachment thereby discharged, there can be no question that he would have been entitled to the money, or to the amount of his judgment out of it, if it had brought so much.    But the sale of them under Louis and Jacob Hanauer's execution, neither discharging or impairing the lien of his attachment, we are unable to see how he can

set up any just claim to the proceeds of it.   *Sandford v. Roosa,* *12 John. 162.*

We are, therefore, of the opinion that the court below erred. in making the order appealed from, and its decision is reversed, and the cause remanded to it with instruction to overrule the appellee's motion.